**Nirmal SINGH; Gurdial Kaur, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73260.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 29, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Nirmal Singh and his wife, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and denying their motion to remand to the IJ. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007), and we grant the petition for review in part, dismiss it in part, and remand.

■ We lack jurisdiction to review the agency's determination that Singh's asylum application was untimely, and that no extraordinary circumstances excused the untimely filing, because relevant facts concerning Singh's contractual arrangement with the immigration consultant are in dispute. *See Ramadan v. Gonzales,* 479 F.3d 646, 656–57 (9th Cir.2007) (per curiam).

■ We also lack jurisdiction over petitioners' due process claim because it was not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) (explaining that procedural due process claims must be exhausted).

■ Substantial evidence does not support the IJ's adverse credibility determination, because the IJ did not specifically and cogently refer to the non-credible aspects of Singh and Kaur's demeanor, *Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003), the IJ did not identify particular instances in the record where Singh was evasive, *Singh v. Ashcroft,* 301 F.3d 1109, 1114 (9th Cir.2002), the IJ's finding that Kaur's testimony was incredible because it lacked emotion was impermissibly based on personal speculation and conjecture, *see Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004), and because both Singh and Kaur testified that two truckloads of men arrived outside Singh's store in 1999 and any inconsistency in their testimony concerning the number of men who actually attacked them is a minor one that does not support an adverse credibility finding. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).

■ In addition, substantial evidence does not support the IJ's finding that Singh's testimony was inconsistent with his written declaration. *See Singh v. Gonzales,* 439 F.3d 1100, 1106 (9th Cir.2006). In both he stated that, during the 1995 fire, he feared for his life, and his testimony that he could "see but not remember" when taken to the hospital was not inconsistent with his written declaration that he "gained my consciousness" in the hospital. *See Singh,* 301 F.3d at 1112. Lastly, the IJ did not address Singh's plausible explanation for not mentioning in his written declaration that some of the students at the Gandhi Youth gathering were female. *See Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998).

In light of our disposition, we need not consider petitioners' contention that the BIA abused its discretion when it denied their motion to remand.

We grant the petition for review and remand for the agency to consider whether, taking petitioners' testimony as true, they have shown eligibility for withholding

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of removal and protection under CAT. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; and REMANDED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.